UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KEITH NICHOLAS HEDLUND,<br><br>     Plaintiff,<br><br>v.<br><br>CITY OF ECORSE, et al.,<br><br>     Defendants. | Case No. 24-12925<br>Honorable Laurie J. Michelson |

**ORDER SUMMARILY DISMISSING COMPLAINT [1]**

On November 4, 2024, Keith Nicholas Hedlund, a state prisoner confined at the Macomb Correctional Facility, filed a *pro se* civil rights complaint against the City of Ecorse and two unnamed officers. (ECF No. 1.) Hedlund alleges that on July 5, 2024, he was "sprayed with [e]xcessive amounts of pepper spray" and "dragged . . . down a flight of stairs" by officers who had responded to his residence due to a domestic violence call. (*Id.* at PageID.6.) Hedlund says that this was a violation of his Eighth and Fourteenth Amendment rights. (*Id.* at PageID.4.)

Along with his complaint, Hedlund filed an application to proceed *in forma pauperis*. (ECF No. 2.) He did not, however, include the required Certification/Business Manager's Account Statement and a statement of Trust Fund account for the six-month period immediately preceding the filing of his complaint. So, on November 7, 2024, Chief Magistrate Judge David R. Grand issued an order of deficiency, requiring Hedlund to either pay the filing fee or submit a properly

1

supported IFP application. (ECF No. 3.) To date, Hedlund has done neither.

The Prison Litigation Reform Act (PLRA) requires an incarcerated person who wishes to proceed in federal court without prepayment of fees and costs for a civil complaint to file an affidavit of indigency and a certified copy of his prison trust fund account statement for the six-month period immediately preceding the filing of the complaint. *Erby v. Kula*, 113 F. App'x 74, 75 (6th Cir. 2004) (citing 28 U.S.C. § 1915(a)). If he fails to do so, the district court must notify him of the deficiency, and he will then have thirty days from the date of the deficiency order to correct the error or to pay the full filing fee. *Id*. at 75–76 (citing *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997)). "'If the prisoner does not comply with the district court's directions, the district court must presume that the prisoner is not a pauper,' assess the full filing fee, and dismiss the case for want of prosecution." *Id*. at 76 (citing *McGore*, 114 F.3d at 605).

By not providing the requested documentation needed to proceed *in forma pauperis* or, alternatively, submitting the filing and administrative fees, Hedlund has failed to comply with Magistrate Judge Grand's deficiency order. Accordingly, the Court DISMISSES WITHOUT PREJUDICE the complaint under 28 U.S.C. §§ 1915(a)(1), (b)(1), and (2) for failure to comply with the filing requirements of the Prison Litigation Reform Act. Hedlund may file a new civil rights complaint under a new case number if he pays the filing and administrative fees or provides the documentation described in this order, which is necessary if Hedlund wishes to proceed without prepayment of fees.

2

A separate judgment will follow.

SO ORDERED.

Dated: December 18, 2024

                                              <u>s/Laurie J. Michelson</u>
                                              LAURIE J. MICHELSON
                                              UNITED STATES DISTRICT JUDGE